UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MICHAEL LOTIERRZO,

                Plaintiff,                    **ORDER**
                                                                  **11 CV 3554 (DRH)(ETB)**

      -against-

MARIO'S PIZZA of BOHEMIA, INC., and
MARIO CONTAVALLE,

                Defendants.
-------------------------------------------------------------X
**HURLEY, Senior District Judge:**

On March 8, 2012, the parties submitted a stipulation purporting to dismiss without prejudice claims brought pursuant to, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*[1] In most cases, the parties would be able to stipulate to dismiss claims without a court order pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). However, the voluntary dismissal provision of Rule 41 is subject to "any applicable federal statute," Fed. R. Civ. P. 41(a)(1)(A), and FLSA imposes, "strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver." *Le v. SITA Information Networking Computing USA, Inc.*, No. 07-CV-86 (JS), 2008 U.S. Dist. LEXIS 20786 (E.D.N.Y. March 13, 2008) . Specifically, plaintiff-employees may not waive or settle FLSA claims for unpaid wages unless the settlement is "(1) supervised by the Secretary of Labor, or (2) judicially approved." *Martinez v. Ragtime Foods of N.Y., Inc.*, No. 11-CV-1483 (JG)(CLP), 2011 U.S. Dist. LEXIS 130357, *2 (E.D.N.Y. Nov. 10, 2011)(citing *inter alia* 29 U.S.C. § 216(c), and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946)); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The parties shall therefore show good cause in writing by April 25, 2012 why the Court should approve the proposed dismissal of the claims by the four plaintiffs listed above. The parties' submission

---

[1] The subject stipulation does not attach the parties' underlying settlement agreement.

shall include a copy of any settlement agreements. Any request to seal or redact the content of these agreements must overcome the "strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *Hens v. ClientLogic Operating Corp.*, No. 05-CV-381S, 2010 U.S. Dist. LEXIS 116635, *7 (W.D.N.Y. Oct. 31, 2010)(internal quotes omitted)(citing cases).

SO ORDERED.

Dated: Central Islip, New York
　　　　April 4, 2012                                                    /s
　　　　　　　　　　　　　　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　　　Unites States District Judge